## 9767

### MARCHANT v. FELDER *ET AL.*

#### (93 S. E. 179.)

1. BOUNDARIES—DISTANCE—EFFECT.—While distance does not ordinarily control in locating a boundary, yet it governs where no other means is available.

2. BOUNDARIES—ESTOPPEL—AGREED LINE.—A landowner making a party wall agreement up to which the adjoining owner constructed buildings is estopped to claim beyond such agreed line, even as against his own grantee.

3. EVIDENCE — PAROL EVIDENCE — DEEDS. — A deed conveying land described as that previously conveyed to the grantor cannot be varied by parol to show that a smaller area was intended to be conveyed.

4. BOUNDARIES—ESTOPPEL—PAYMENT OF PURCHASE PRICE.—A purchaser is not estopped as against his grantor, from insisting upon the true location of a boundary line by making a purchase price payment after discovery of the error in the line.

Before MEMMINGER, J., Orangeburg, April, 1916. Affirmed.

Action by Daniel H. Marchant against F. J. D. Felder and others. Judgment for plaintiff, and the named defendant appeals.

*Messrs. Brantley & Zeigler,* for appellant, cite: *As to mistake in measurement:* 39 Cyc. 1311, 1313; 2 McC. 441; 98 S. C. 286. *Boundaries control over distances:* 53 S. C. 91; 59 S. C. 133; 41 S. C. 198; 98 S. C. 286. *Repugnance between general and particular description:* 2 Devlin Deeds, sec. 1039; 3 Strob. 127. *As to reformation of deed because of mutual mistake:* 49 S. C. 230; 98 S. C. 286; 10 (N. Y.) 319; 60 (N. Y.) 298; 12 L. R. A. 273; 153 (Mass.) 585; 117 Am. State Report 244 (note), No. 4; 88 S. W. 832 (Ark.); 48 N. E. 174 (Ill.); 75 N. E. 567 (Ill.); 80 N. W. 530 (Ia.); 45 N. W. 67 (Mich.); 103 N. W. 405 (N. Dak.); 35 Ohio St. 555; 12 S. E. 1094 (W. Va.).

*Messrs. Wolfe & Berry,* for respondent; cite: *As to intention:* 106 S. C. 306. *Reformation of deeds:* 44 S. C. 31; 48 S. C. 349; 21 S. C. 235.

July 16, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This action was brought to obtain possession of a narrow strip of land in the city of Orangeburg. The drawing below is made simply for the purpose of illustration, and is not intended for anything more.

FOOTNOTE.—As to estoppel by silence or acquiescence to assert true boundaries, see notes in 48 L. R. A. (N. S.) 756.

```
┌──────────────────────────────────────┐ ┐
│ E            No. 1              F     │ │
│           DR. REEVES                  │ RUSSEL ST.
│ A ── ── ── ── ── ── ── ── B           │ │
│                                       │ │
│ C            No. 2              D     │ │
│           (FELDER)                    │ │
│ G          MARCHANT            H      │ │
└──────────────────────────────────────┘ ┘
```

These two lots and some other land not in controversy formed one lot, and were owned at the time of his death by Mr. Townsend D. Wolfe. After Mr. Wolfe's death the lot was surveyed and divided on a plat, and sale was made by the plat. Lot No. 2 was bought by the defendant, Mr. Felder. Lot No. 1 was bought by the defendant, Dr. Reeves. The boundary of lot No. 2 was set down in the deed as "other lands formerly belonging to Townsend D. Wolfe," meaning lot No. 1. The deed to lot No. 1 contained the converse description, and is bounded by lot No. 2. No natural or artificial boundaries are given as to this dividing line. The length of the line on Russel street, B, H, is given in the deeds as 45 feet. The plat by which the sales were made has been lost.

While ordinarily the distance is not a controlling feature of description, yet where, as here, there is no other means of locating the boundary, then the measurement must govern.

There were two stores in one building, on lot No. 2, facing on Russel street. The line of the stores was marked by the line C, D. There was a building on lot No. 1, but it did not cover the lot. The 45 feet on Russel street carried the line to A, B. There was a vacant space between the buildings on lot No. 1 and lot No. 2. Dr. Reeves thought that the line C, D was the line of this lot, and so did Mr. Felder. Dr. Reeves started to cover his vacant lot with a building, and by written agreement between Dr. Reeves and Mr. Felder, Dr. Reeves erected a party wall on C, D for the joint use of the two adjoining owners. This agreement was

duly recorded. After Dr. Reeves had erected his party wall and completed his building, Mr. Felder sold lot No. 2 to the plaintiff, Marchant. Marchant took his deed from Felder with a separate agreement in which he agreed to take his deed subject to the party wall agreement between Reeves and Felder. Both Felder and Marchant thought, at the time of the conveyance from Felder to Marchant, that C, D was the line, and that it allowed the 45 feet called for by the Izlar deed. Marchant gave a mortgage for a part of the purchase money. Some years after the sale and after Marchant had been in possession of his two stores, he discovered that C, D was not the line, but the line called for by the Izlar deeds was A, B, and that the land was covered by the Reeves building, and brought this action to get possession of the land between A, B and C, D. The case was referred to the master, who found, among other things, that Reeves had land to which he was not entitled, but that inasmuch as Reeves had built his house on the land, under a mistake, he need not surrender the land, but pay the value to Mr. Felder. On appeal from the master, the Circuit Judge sustained the master, except that he adjudged the value of the land to Marchant, instead of to Felder. From this judgment, Dr. Reeves did not appeal. In this acquiescence, Dr. Reeves shows himself to be a gentleman of high character, who refused to profit by what may, in this case, be a harsh application of a just rule of law, and we commend him for his high stand. The controversy is between Felder and Marchant, over the assessed value of the land. In order to determine the rights of these parties, it will be necessary to deal with the legal rights of Dr. Reeves, not for the purpose of establishing those rights, but only as a basis for determining the rights of the other litigants.

1. In this case there is a principle of law that has been overlooked, to wit, the force of a "line agreed upon." In *Jarrot* v. *McIlvaine*, 30 S. C. L. (1 Rich.) 17, we find:

"Assuming, as I did on the Circuit, that a, b, on the plat was the line of the Cobb grant, the plaintiff had a right to locate his land so as to make that line his western boundary. This is the general rule, but it may be controlled by clear evidence that the parties actually run the dividing line at, or before, the execution of the deed, of which long acquiescence and acknowledgments would be evidence. If such a line as was proved by the two McCalls had been found by the surveyors, and the jury were satisfied, it was contemporaneous with the deed to McNeese, then I think the verdict should be supported; for it is clear that a line actually run will control a boundary called for in a grant, and the same rule should govern in a deed. But parol evidence that such a line had existed, without any search for it, or its location represented on the plat, is too vague and uncertain."

In this case Dr. Reeves and Mr. Felder had a solemn agreement reduced to writing and spread on the records that the party wall at C, D was the dividing line. Dr. Reeves built his house on the land now in dispute. Felder acquiesced in C, D as the dividing line, and Marchant, by a subsequent agreement, made himself a party to that agreement.

There is no important fact in the case that is disputed. The true line is A, B. The agreed line is C, D. Felder and Marchant agreed to that line. Felder thought he was selling and Marchant thought he was buying to C, D. Felder is estopped to claim beyond C, D by his party wall agreement and the erection of the building. Felder had nothing left of lot No. 2 after he conveyed it to Marchant. He (Felder) conveyed the land "being the same land conveyed to me by James F. Izlar." Felder conveyed to Marchant all he had up to A, B. That cannot be altered by parol evidence, even if the parol evidence would tend to do so. The parol evidence, however, does not even tend to do so. Mr. Felder intended, as a matter of fact, to convey the whole of lot No. 2. His deed shows it as a matter of law, and he frankly admits it as a matter of fact. As

between Felder and Marchant, Felder can claim no part of lot No. 2. Felder can get nothing at all from lot No. 2. His entire interest was conveyed to Marchant. The exception that raises this question is overruled.

2. A reformation of the deed from Felder to Marchant would be useless.

3. The third exception has been covered and is overruled.

4. The last exception claims that there was error in not holding that Marchant was estopped by the payment of the balance of the purchase money, after the discovery by Marchant of the error in the line. There is nothing in the case to show that Marchant acquiesced in the line by this payment, and it inured solely to the benefit of Felder. This exception is overruled, and the judgment is affirmed.